```
UNITED STATES DISTRICT COURT                            USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                           DOCUMENT
-----------------------------------------------------------X     ELECTRONICALLY FILED
                                                        :       DOC #:_____
CARMEN TAVAREZ-VARGAS, individually, and on             :       DATE FILED:  6/16/2022
behalf of all others similarly situated,                :
                                                        :
                        Plaintiff,                      :       21-cv-9861 (LJL)
                                                        :
        -v-                                             :       ORDER
                                                        :
BOMBAY AND CEDAR, LLC,                                  :
                                                        :
                        Defendant.                      :
                                                        :
-----------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff filed this action on November 23, 2021. Defendant never appeared. By Order dated May 11, 2022, the Court directed Plaintiff to make any motion for default judgment by May 20, 2022. *See* Dkt. No. 13. Plaintiff obtained a Certificate of Default from the Clerk of Court, Dkt. No. 16, but did not move for default judgment. By Order dated May 31, 2022, the Court directed Plaintiff to show cause, no later than June 14, 2022, why this action should not be dismissed for failure to prosecute. Dkt. No. 17. Plaintiff has not done so.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court." *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."). "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate: whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors. Plaintiff represented to the Court that it would file a motion for default judgment, *see* Dkt. No. 9, but has failed to do so despite an Order by the Court to make any such motion by May 20, 2022. Defendant's failure to appear and Plaintiff's failure to move for default judgment has brought this case to a standstill. Plaintiff was given notice that further delay could result in dismissal—the Court ordered that Plaintiff show cause why the action should not be dismissed for failure to prosecute, Dkt. No. 17, but Plaintiff did not respond to that Order. As to prejudice, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Finally, the Court has "already given [Plaintiff] an opportunity to proceed with this action so that it would be decided on the merits," and Plaintiff's repeated failures to abide by Court orders suggests that "any lesser sanction would be 'an exercise in futility.'" *Edwards*, 2012 WL 1292672, at *2 (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), *report and recommendation adopted*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010)).

For the foregoing reasons, the case is dismissed for failure to prosecute. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: June 16, 2022
      New York, New York

                                                LEWIS J. LIMAN
                                        United States District Judge